UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAWN K. ROACHE,

        Plaintiff,

Case No. 14-11233

Honorable John Corbett O'Meara

v.

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

_____/

**OPINION AND ORDER
DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff Dawn K. Roache appeals the denial of Social Security Disability Insurance Benefits ("DIB"). The parties have submitted cross-motions for summary judgment on the administrative record. For the reasons that follow, the court will deny Plaintiff's motion for summary judgment and grant Defendant's motion for summary judgment.

**PROCEDURAL HISTORY**

Plaintiff Dawn K. Roache filed an application for DIB June 22, 2011, alleging disability as of November 1, 2010. Her claim was denied by the State Disability Determination Service ("DDS"), and she then requested an administrative hearing. Administrative Law Judge Gregory Holiday held a hearing December 3, 2012, at which Plaintiff, who was represented by counsel, appeared and testified. Following the hearing the ALJ issued a decision finding Plaintiff not disabled. The Appeals Council declined to review the decision March 4, 2014, rendering the ALJ's decision the final decision of the defendant Commissioner.

**BACKGROUND FACTS**

In August 2009, more than a year before her alleged onset date, plaintiff Roache was treated at Detroit Receiving Hospital. She reported that she had been robbed two days before and fell on her knee. An x-ray of her knee was normal. Tr. at 270. About two months later Plaintiff was again seen at Detroit Receiving Hospital due to a fracture of her left wrist. Tr. at 255-56 and 266.

In November 2010, the month Plaintiff alleges her disability began, she was admitted to St. John Health and Medical Center due to a seizure witnessed by her family. Tr. at 216. Plaintiff also reported experiencing moderate to severe headaches about three times per week. She underwent several tests during her admission, including a CT scan of her head, a brain MRI and an echocardiogram, all of which revealed no abnormalities. Tr. at 219-224. Plaintiff was prescribed seizure medication and was discharged. Tr. at 212.

Plaintiff went to Detroit Receiving Hospital requesting a refill of her medications for left hand and back pain in March 2011. She stated that she had not had medications for the past two months and had been taking over-the-counter products, which did not help. Tr. at 246. Upon examination, she exhibited essentially normal findings. Tr. at 247.

In August 2011, plaintiff Roache met with Dr. Vaqar Siddiqui for a neurology consultation. She complained of neck and back pain, stating that it had worsened in the past six months. Tr. at 297. Plaintiff further complained that her back pain also radiated to her right leg. Regarding her seizures, she stated that she had been experiencing them since she was in a car accident when she was seventeen years old. She stated that her most recent seizure was in March 2011 and that she had stopped taking her seizure medications because "she ran out." Tr. at 297. Upon examination Plaintiff exhibited good memory and normal mood, judgment, and abstraction, as well as normal

reflexes and no motor weakness. Tr. at 298. Dr. Siddiqui also identified positive findings upon straight-leg testing on her right leg and a slightly unsteady gait on tandem. Dr. Siddiqui recommended several tests to further evaluate Plaintiff's back and neck pain, left hand numbness, and seizures. Tr. at 298. However, there is no indication that Plaintiff underwent these tests.

In February 2012, Dr. Mark Gardner, a state agency psychologist, reviewed Plaintiff's records, including Dr. Siddiqui's normal mental status findings, and concluded that the medical evidence of record did not support Plaintiff's complaints of mental health issues. Tr. at 73-74.

Throughout the period at issue, Plaintiff also regularly treated with Dr. Terry Baul, her primary care source. Dr. Baul's records are partially illegible, but they reflect Plaintiff's complaints of back and neck pain. Tr. at 301, 308.

## **STANDARD OF REVIEW AND ANALYSIS**

A claimant seeking benefits based on disability bears the burden of proving that she is disabled within the meaning of the Social Security Act ("Act"). 20 C.F.R. § 404.1512(a); Moon v. Sullivan, 923 F.2d 1175, 1181 (6th Cir. 1990). Plaintiff must establish the existence of a medically-determinable physical or mental impairment that can be expected to result in death or that has lasted, or can be expected to last, for a continuous period of not less than twelve months and that her impairments render her unable to engage in any substantial, gainful activity. 42 U.S.C. § 423(d)(1)(A); Abbott v. Sullivan, 905 F.2d 918, 923 (6th Cir. 1990).

The Act provides that "the findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). The Agency has the duty to weigh the evidence, resolve material conflicts, make independent findings of fact, and determine the case accordingly. Richardson v. Perales, 402 U.S. 389, 399-400 (1971). Judicial

review is therefore limited to determining whether the ALJ applied the correct legal standards in reaching his decision and whether there is substantial evidence in the record to support his findings. 42 U.S.C. § 405(g).

In this case plaintiff Roache argues that remand is appropriate because the ALJ failed to adequately develop the record regarding her alleged mental and physical impairments. Although the ALJ has a duty to develop the record, the burden to establish residual functional capacity ("RFC") remains with the claimant. See Her v. Commissioner of Soc. Sec., 203 F.3d 388, 391 (6th Cir. 1999). Roache cites no evidence to establish that her RFC is more limited than the ALJ found; instead, she argues only that the ALJ was required to obtain additional evidence before rendering a decision in her case.

With respect to her mental impairments, plaintiff Roache relies on her testimony at the hearing, in which she stated that she experienced social anxiety and that her doctor had prescribed medication for this condition. Plaintiff contends that the ALJ should have "further investigate[d] her alleged mental symptoms and ordered a consultative examination." Plaintiff's mot. br. at 9. However, "the [Commissioner] has broad latitude in ordering consultative examinations." Hawkins v. Chater, 113 F.3d 1162, 1167 (10th Cir. 1997). Particularly in this case, in which plaintiff Roache cites no objective medical evidence of her alleged mental impairments, the ALJ is not required to further investigate her claim. See Foster v. Halter, 279 F.3d 348, 355 (6th Cir. 2001).

Furthermore, contrary to Plaintiff's contentions, the ALJ relied upon substantial evidence in the record to find that her alleged mental impairments did not severely affect her functional capacity. Specifically, the ALJ considered the opinion of state agency psychologist Dr. Gardner, who in turn considered the normal mental findings of Dr. Siddiqui and stated there was "[n]o [medical evidence

of record] to support mental health related allegation." Tr. at 74. Dr. Gardner did "more than note that there was no medical evidence on the record," as suggested by Plaintiff. Plaintiff's mot. br. at 9. He further opined that there was no evidence to support Plaintiff's claims. Tr. at 74. In addition, the ALJ considered that despite Plaintiff's complaints of mental health symptoms, she had not undergone any type of mental health treatment, which further suggests that her symptoms were not as severe as she alleged. Therefore, Plaintiff has failed to show that the ALJ was required to further investigate her mental health complaints under the circumstances of this case. The absence of any objective evidence supports the ALJ's decision that her alleged social anxiety was not severe.

With respect to her physical impairments, plaintiff Roache claims that the ALJ's RFC determination warrants remand because there was no medical opinion evidence supporting it and because the records from her treating doctor were partially illegible. The ALJ, however, relied on Plaintiff's normal objective findings, numerous tests showing no abnormalities, her conservative treatment regimen, and her non-compliance with medications. Tr. at 24-26. These factors substantially showed normal range of motion of her extremities, as well as good strength, reflexes, and sensation upon examination. Tr. at 217, 247. Also, Plaintiff's objective tests, including a knee x-ray, CT of the head, MRI of the brain, and echocardiogram, all yielded negative findings. Tr. at 219-224, 270. The ALJ reasonably found that the absence of any records showing significant, objective abnormalities contradict Plaintiff's allegations of disabling pain.

Even with respect to Plaintiff's pain medications, the record shows that she was not fully compliant, as she reported having once spent two months managing her pain with only over-the-counter products. Tr. at 246. Plaintiff's conservative care, coupled with unremarkable, objective evidence, substantially supports the ALJ's RFC. The fact that Plaintiff, who was represented by

counsel at the administrative level, failed to provide an opinion from a doctor does not shift the burden to the Commissioner to secure one. "If a claimant does not secure an official 'Residual Functional Capacity' assessment by a medical or psychological examiner, and simply relies on other evidence to prove his impairments, it does not follow that the Commissioner subsequently must provide the RFC assessment at step five." Her v. Commissioner of Soc. Sec., 203 F.3d 388, 391 (6th Cir. 1999).

Likewise, Plaintiff's observation that records from her treating doctor were partially illegible does not require the ALJ to contact the doctor under these circumstances, as there is substantial evidence supporting the ALJ's RFC assessment. Plaintiff does not suggest that there is any information contained in Dr. Baul's records that may alter the ALJ's decision. In fact, the ALJ found that Dr. Baul's "routine and conservative" care supports the decision. Tr. at 25.

## ORDER

It is hereby **ORDERED** that Defendant's motion for summary judgment is **GRANTED.**

It is further **ORDERED** that plaintiff Roache's motion for summary judgment is **DENIED.**

                                        s/John Corbett O'Meara
                                        United States District Judge

Date: February 13, 2015

I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, February 13, 2015, using the ECF system.

                                        s/William Barkholz
                                        Case Manager